Bernard F. McCaffrey, J.
In this proceeding pursuant to subdivision 6 of section 297 of the Executive Law, the petitioner Jack M. Sable, as Commissioner of the State Division of Human *668 Rights, seeks an order of this court enjoining the respondents from placing Laura Weiss, a teacher employed by the Wantagh School District, on unpaid maternity leave prior to a specified date or until the final determination of the proceeding pending before the State Division of Human Rights, and further enjoining respondents from either disposing of her job or permanently replacing the said Laura Weiss.
Subdivision 6 of section 297 of the Executive Law provides in part: “ 6. At any time after the filing of a complaint alleging an unlawful discriminatory practice under this article, if the division determines that the respondent is doing or procuring to be done any act tending to render ineffectual any order the commissioner may enter in such proceeding, the commissioner may apply to the supreme court in any county where the alleged unlawful discriminatory practice was committed, or where any respondent resides or maintains an office for the transaction of business * * * for an order requiring the respondents or any of them to show cause why they should not be enjoined from doing or procuring to be done such act. The order to show cause may contain a temporary restraining order and shall be served in the manner provided therein. On the return date of the order to show cause, and after affording all parties an opportunity to be heard, if the court deems it necessary to prevent the respondents from rendering ineffectual an order relating to the subject matter of the complaint, it may grant appropriate injunctive relief upon such terms and conditions as it deems proper.”
The complainant, Laura Weiss, a schoolteacher employed by Wantagh School District No. 23, filed a complaint with the State Division of Human Rights alleging that respondents had unlawfully discriminated against her by refusing to grant her equal terms, conditions and privileges of employment. It is stated in her complaint that she advised her principal that she was pregnant and due to give birth towards the latter part of June, 1972. She requested a maternity leave to commence April 28, 1972. Respondents denied her request, advising her that the unpaid maternity leave must commence no later than February 29, 1972. After investigation of the complaint the Division of Human Rights determined that there was probable cause to substantiate the allegations of the complaint and a hearing was held before a Hearing Commissioner in accordance with subdivision 4 of section 297 of the Executive Law on March 13, 1972, and at the conclusion of such hearing decision was reserved.
*669 In their moving papers the Division of Human Eights state that they have determined that the respondents are doing or procuring to be done an act tending to render ineffectual any order that the division may enter in the proceeding before them, and the basis for their determination is that it is conceivable that an extensive period of time would elapse prior to formal order of the Division of Human Bights being issued in this matter and additional time lapse as a result of any appeals therefrom, and further, if the stay were to be removed prior to April 28, 1972, or prior to the issuance of an order of the Commissioner of Human Bights, Mrs. Weiss would immediately be placed on unpaid maternity leave of absence, and it is stated therein that Mrs. Weiss is the primary source of support for her family and is currently in need of her salary.
A number of previous complaints have been brought for a hearing before the Commissioner alleging the same facts as those alleged in this complaint, such as: Case Nos. CS-21025-70, CS-20969-70, CS-20971-70, CS-20970-70, entitled: Cyla Allison, Betty Bock, Carol Feldhaus and Linda Lamel against Board of Education of Hnion Free School District No. 22, Towns of Oyster Bay and Babylon, Counties of Nassau and Suffolk, State of New York, and William Kinzler, Superintendent of Schools; and No. CS-22782-70, entitled: Susan Arluck against East Williston School District, Dr. Clayton A. Friis, Superintendent, Dr. Edward Berkowitz, Principal, Willets Boad School, and Frank J. Faruolo, Jr., President, District No. 2. The Commissioner issued orders after hearings which upheld the complaints of said complainants.
The court does not pass upon the merits of the complaint, for at this time this matter is properly before the State Division of Human Bights for its determination. However, the court does find in the interest of justice that the relief sought herein should be granted and, therefore, the respondents are hereby enjoined from placing Laura Weiss on an unpaid maternity leave of absence prior to April 28,1972, or until the rendering of a decision by the Commissioner of Human Bights in Case No. GrCS-26112-72 entitled: Laura Weiss v. Wantagh School District No. 23, Board of Education, Wantagh Schools, Charles T. St. Clair, Anton Davies, Wantagh Faculty Organization.